Thomas J. SNYDER, Administrator of the Estate of Geoffrey T. Snyder, Deceased

v.

Glenn G. HARBISON, Merle Brucker, individually and as guardian ad litem of Michael Allen Brucker, a minor,

Merle Brucker, individually and as guardian ad litem of Michael Allen Brucker, a minor, Appellants,

No. 19114.

United States Court of Appeals, Third Circuit.

Argued April 2, 1971.

Decided April 15, 1971.

Cosmos J. Reale, Pittsburgh, Pa. (Murovich & Reale, Pittsburgh, Pa., on the brief), for appellants.

John A. Robb, Royston, Robb, Leonard, Edgecombe, Miller & Shorall, Pittsburgh, Pa., for appellee.

Before FORMAN, SEITZ and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

After settlement of the amount of damages claimed by plaintiff, these proceedings continued in the district court as an admiralty action to determine the joint or sole liability of the two defendants. Appellant Brucker was found to be solely liable. "In reviewing a judgment of a trial court, sitting without a jury in admiralty, the Court of Appeals may not set aside the judgment below unless it is clearly erroneous * * *. A finding is clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' United States v. Oregon [State] Medical Society, 343 U.S. 326, 339 [72 S.Ct. 690, 698, 96 L.Ed. 978 (1952)]; United States v. United States

Gypsum Co., 333 U.S. 364, 395 [68 S.Ct. 525, 541, 92 L.Ed. 746 (1948)]." McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 8, 99 L.Ed. 20 (1954).

We have concluded that the factual premises for the district court's conclusion were not clearly erroneous.

The judgment of the district court will be affirmed.